**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRUCE R. LONGYEAR,

        Plaintiff-Appellant,

v.

UTAH BOARD OF PARDONS &
PAROLE,

        Defendant-Appellee.

No. 02-4159
(D.C. No. 2:01-CV-408-PGC)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Bruce R. Longyear, a Utah state prisoner appearing *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the Utah Board of Pardons and Parole ("Board") violated his federal due process rights by holding an original parole hearing to determine the length of his sentence without affording him notice of, or an opportunity to be heard or present at, the hearing. He also alleged that the Board discriminates on the basis of religion. Pursuant to 28 U.S.C. § 1915, the district court *sua sponte* dismissed Longyear's due process claim for failure to state a claim under the United States Constitution, and dismissed his religious discrimination claim as "clearly baseless." *See* 28 U.S.C. § 1915(e)(2)(B) (requiring district court to dismiss a complaint when it determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

On appeal, Mr. Longyear raises three issues: 1) that the Board violated his due process rights by holding an original parole hearing without notifying him of the hearing, giving him any opportunity to appear at the hearing, or informing him of the evidence presented against him; 2) that the Board engages in religious discrimination in evaluating parole; and 3) that the executive and legislative branches of Utah's government are engaged in a conspiracy to allow these violations to continue.

*Due Process Claim.* In April 1998, Longyear was committed to prison for a one-to-fifteen year sentence. Under Utah's sentencing system, "the trial judge is required to impose the statutorily prescribed range of years and then the Board of Pardons decides the length of time a person is confined." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Pursuant to Utah's sentencing system, the Board held an original parole hearing in June 1998 at which it considered Longyear's offense and the evidence against him. As a result of that hearing, the Board set January 2001 as the first date at which Longyear would be considered for parole.

Longyear contends the Board violated his federal due process rights because it did not notify him of the hearing, give him any opportunity to appear at the hearing, or inform him of the evidence presented against him. Citing *Malek*, 26 F.3d at 1016, the district court dismissed this claim on the basis that Utah prisoners have no recognized federal liberty interest in parole.

We review the district court's dismissal of Mr. Longyear's due process claims for failure to state a claim de novo. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("[A] de novo standard should govern review of dismissals under § 1915(e)(2)(B)(ii)."). This court has previously ruled that the Utah parole statute creates no legitimate expectation of release because the state has granted the Board "complete discretion in making parole decisions." *Malek*, 26 F.3d at 1016. Thus, *Malek* held, the Utah parole statute "does not

create a liberty interest entitling [Utah prisoners] to due process protection under the Fifth and Fourteenth Amendments to the United States Constitution and thus cannot be used as a basis for relief under § 1983." *Id.* While it is true that the Utah Supreme Court has imposed state-level due process requirements on the Board at the original parole hearing stage, *see, e.g., Labrum v. Utah State Bd. of Pardons,* 870 P.2d 902, 911 (Utah 1993), this does not give rise to a federal due process claim. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek*, 26 F.3d at 1016. Because the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection, there is no basis for a federal due process claim arising from the conduct of these state-level parole hearings. *See id* . The district court, therefore, correctly dismissed Longyear's due process claims.

*Religious Discrimination Claim* . Longyear alleged in his complaint that the Parole Board considers an inmate's membership in the Mormon church and involvement in Mormon programs, and disregards the same program if not taught by the Mormon church. He also alleges that a 1996 report to the Utah Governor concluded that Mormon prisoners received earlier hearing dates and served less time than non-Mormon prisoners, and that in 1997, the Parole Board based a parole decision about an inmate on his desire to go on a mission for the Mormon Church. As part of its screening obligations under 28 U.S.C. § 1915A(b)(i), to

-4-

review prisoner complaints, the district court ruled this claim was factually frivolous because Longyear's complaint lacked any specific facts to support his allegation that Mormons received special treatment from the Parole Board and failed to allege any facts suggesting Longyear had suffered any personal injury. The district court dismissed Longyear's complaint with prejudice. We review the district court's dismissal of Longyear's religious discrimination claim as frivolous under § 1915A(b)(i) for abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997).

Longyear made additional factual allegations in his opening brief before this court, from which we conclude Longyear could have amended his complaint to demonstrate he had standing to assert viable Establishment Clause and Equal Protection Clause claims. We believe, therefore, that it was not appropriate for the district court to have dismissed Longyear's complaint with prejudice. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) (holding that a *pro se* prisoner's complaint should not be dismissed without leave to amend a potentially curable defect in standing). Here, however, Longyear never requested leave to amend his religious discrimination claim in any post-judgment motion before the district court. When his complaint was dismissed, Longyear did not file a motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Rule 60(b). *See Curley v. Perry*, 246 F.3d 1278, 1284

(10th Cir. 2001) (noting that litigants have post-judgment procedural safeguards to avoid erroneous *sua sponte* dismissals of complaints under § 1915).  Further, Longyear does not contend on appeal that he should have been given an opportunity to amend his religious discrimination claim.  Thus, we conclude the district court did not abuse its discretion in dismissing this claim.  *See Burleigh v. Utah Bd. of Pardons & Parole,* No. 02-4168, 2003 WL 157562 (10th Cir. Jan. 23, 2003) (unpublished order and judgment).

*Conspiracy Claim* .  Finally, Longyear asserts on appeal that, by their inaction, the governor and the legislature of the State of Utah are engaged in a conspiracy to allow these alleged constitutional violations to continue.  Longyear did not present this issue to the district court and we decline to reach it for the first time on appeal.  *See Lyons v. Jefferson Bank & Trust* , 994 F.2d 716, 721 (10th Cir. 1993).

The judgment of the United States District Court for the District of Utah is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-6-

**02-4159, Longyear v. Utah Board of Pardons and Parole**

**HENRY**, **J**., concurring in part and dissenting in part.


I join the majority in affirming the district court's dismissal of the due process and conspiracy claims. However, because Mr. Longyear's religious discrimination claim is not frivolous, and because I believe that Mr. Longyear's pro se appellate brief should be read to challenge the dismissal of that claim with prejudice, I would vacate and remand with instructions to dismiss that claim without prejudice.


Three Aspects of the District Court's Disposition of the Religious Discrimination Claim

Although the district court characterized its handling of the religious discrimination claim by saying simply that the claim is "dismissed as frivolous," Order at 3, its disposition logically involves three separate steps: (1) dismissing the claim as legally deficient, (2) attaching prejudice, and (3) declaring the claim to be frivolous. Each of these choices by the district court must be analyzed separately.


*1. Dismissal of the Religious Discrimination Claim*

The district court dismissed Mr. Longyear's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(b)(i). Although our prior cases have stated that our

review of dismissals on grounds of frivolousness is for an abuse of discretion, "[review under] the deferential 'abuse of discretion' standard . . . cannot be understood entirely literally. En route to determining that a claim is frivolous, the district court must determine whether it is legally insufficient, an issue purely of law on which appellate review is plenary." *Billman v. Indiana Dep't of Corrections,* 56 F.3d 785, 787 (7th Cir. 1995); *see also Johnson v. Rodriguez*, 943 F.2d 104, 107 n.2 (1st Cir. 1991) ("While suggestive of the standard for dismissal under Fed.R.Civ.P. 12(b)(6), the standard under section 1915(d) is more rigorous."); *Street v. Fair*, 918 F.2d 269, 273 (1st Cir. 1990) ("Although [plaintiff's] conclusory allegations in this regard arguably run afoul of Rule 12(b)(6), the claim would appear nonfrivolous.").

The "route" that we must travel, therefore, starts with a de novo legal determination of sufficiency and then proceeds to a deferential review of frivolousness. Legal sufficiency is a threshold issue. Thus, when the majority concludes that "the district court did not abuse its discretion in dismissing this claim," Maj. at 6, it seems to suggest that the complaint was legally insufficient . Our decision in *McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997), cited by the majority, is not to the contrary. There, we stated: "We review the district court's § 1915(e) dismissal for an abuse of discretion," *id.* at 574-75, but we then reviewed whether the complaint at issue was frivolous. We

determined that one of the plaintiff's claims was frivolous because it was "duplicative of his earlier action," *id.* at 575, and we affirmed on sovereign immunity grounds the finding of frivolousness of the plaintiff's remaining claim. *Id.* We did not, therefore, apply an abuse of discretion standard to the legal question of the adequacy of the pleadings. In short, the abuse of discretion standard applies exclusively to our review of the finding of frivolousness, a question that should be reached only if we have first concluded on de novo review that the complaint is legally deficient.

Because Mr. Longyear is proceeding pro se, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). On the appropriate standard of review, I find it difficult to agree that the complaint, construed liberally, failed to state a claim.

### *2. Attaching Prejudice to the Dismissal*

Even assuming *arguendo* that Mr. Longyear's original complaint was deficient, though, I agree with the majority that Mr. Longyear has provided on appeal additional factual allegations that would have allowed him to avoid dismissal for failure to state a claim. Maj. at 5. In light of these allegations, the district court's dismissal with prejudice raises serious concerns.

-3-

We have before us a legal document that Mr. Longyear has submitted, the A-12 form, appealing the dismissal of his claim. If, in that hand-written submission, Mr. Longyear failed to state separately that he was not only challenging the dismissal but also the dismissal *with prejudice*, then surely that distinction is covered by *Haines*, which recognized that "we hold [pro se complaints] to less stringent standards than formal pleadings drafted by lawyers." 404 U.S. at 520. I see no reason why pro se litigants would be any more skilled at writing appellate briefs than they are at drafting complaints, responding to motions for summary judgment, etc. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) ("Because [the plaintiff] proceeds pro se, we construe his pleadings liberally. We therefore read his appellate brief as challenging the district court's five dispositive rulings.") (citation omitted).

Obviously, therefore, I agree with the majority's statement that "[w]e believe . . . that it was not appropriate for the district court to have dismissed Longyear's complaint with prejudice." Maj. at 5. As this court stated in *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990): "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." It is true that Mr. Longyear did not request leave to amend in a post-judgment motion. Maj. at 5. At most,

however, that implies that we should not remand with leave to amend. The question here is whether the complaint should be dismissed with prejudice.

Because Mr. Longyear appealed the district court's dismissal of his complaint, I believe that he necessarily also appealed the attachment of prejudice to that dismissal. Therefore, we should remand with instructions to dismiss his religious discrimination claim without prejudice.

### 3. Frivolousness

To clarify the scope of our review, I reiterate that a civil rights complaint accompanied by a motion to proceed in forma pauperis is reviewed under 28 U.S.C. § 1915. A civil complaint filed by a prisoner seeking redress from a governmental entity is reviewed under 28 U.S.C. § 1915A. Both statutes apply here. Under either statute, a district court must dismiss the complaint prior to service if it is frivolous or malicious. See § 1915(e)(2)(B)(i); § 1915A(b)(1).

As to the standard of review we apply, "this court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion." *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000). However, because we review a

-5-

dismissal for frivolousness under § 1915(e)(2)(B)(i) for an abuse of discretion, I will use that standard here.[1]

Under § 1915(e)(2)(B)(i), district courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (construing former § 1915(d)). Nonetheless, a district court may not dismiss a complaint as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore,

> the . . . frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts[,] . . . [and] a court may dismiss a claim as factually frivolous only if the facts alleged are *clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.*

---

[1] As to the standard of review we apply to a dismissal for frivolousness under § 1915A, I believe we need not decide which standard applies here because I believe the result would be the same under either standard. *See Plunk*, 224 F.3d at 1130.

We have noted in an unpublished disposition, however, that because the PLRA removed the discretionary language regarding dismissal for frivolousness (now mandating such a dismissal upon conclusion that the litigation is frivolous), it is "question[able] whether abuse of discretion is now the correct standard to apply." *Basham v. Uphoff,* No. 98-8013, 1998 WL 847689, at *4 n. 2 (10th Cir. Dec. 8, 1998) (unpublished disposition) ("[A] determination of frivolousness may now be subject to de novo review."); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (adopting, after considering the effect of the PLRA, the de novo standard of review).

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.

*Id.* at 32-33 (internal quotation marks and citations omitted) (emphasis added). Under this standard, a claim is legally baseless if it alleges the infringement of a legal interest that does not exist or if the named defendants are clearly entitled to immunity. *Neitzke*, 490 U.S. at 327.

The *Denton* Court also made it clear that in reviewing a dismissal for frivolousness under the abuse of discretion standard, we should consider "whether the plaintiff was proceeding pro se; whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court has provided a statement explaining the dismissal that facilitates 'intelligent appellate review'; and whether the dismissal was with or without prejudice." 504 U.S. at 34 (citations omitted). Several of the factors prominently in play in this case (pro se status, legal errors, the extent of the district court's analysis, and dismissal with prejudice) are thus important factors to consider in determining whether the district court abused its discretion.

In light of the above standards, I cannot agree that Mr. Longyear's allegations even begin to approach the standard of frivolousness. *See* Complaint at 4 ("The Utah Board of Pardons does consider . . . the inmates membership in, desire to support, . . . and recommendations the inmate receives from the Church

of Jesus Christ of Latter Day Saints."). Indeed, Mr. Longyear's appellate brief contains two factual allegations that can hardly be called fanciful or delusional: 1) that, in 1996, an agency of the Utah state government issued a report in which it found that Mormon inmates served shorter terms in prison than non-Mormons, and 2) that, in 1999, the chairman of the Utah Board of Pardons and Parole admitted that he allowed an inmate's affiliation with the Church of Jesus Christ of Latter-Day Saints to influence his parole decision. [2]

"Prisoners have been held to enjoy substantial religious freedom under the First and Fourteenth Amendments." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The facts alleged by Mr. Longyear, if true, lend support to his claim that his religious affiliation disadvantaged him in his dealings with the state of Utah. His religious discrimination claim alleges the infringement of a recognized legal interest and is, therefore, not frivolous.

Conclusion

Accordingly, I would hold that the district court erred in dismissing Mr. Longyear's religious discrimination claim with prejudice and as frivolous.

---

[2] I note that Mr. Longyear's original complaint, cited by the majority at 4, asserted that this occurred in 1997, whereas his appellate brief asserts that the date of this action was 1999. A-12 at 32. For present purposes, however, that difference is not at issue.

-8-