ORDER AND JUDGMENT*
EBEL, Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Appellant Bruce R. Longyear, a Utah state prisoner appearing pro se, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the Utah Board of Pardons and Parole (“Board”) violated his federal due process rights by holding an original parole hearing to determine the length of his sentence without affording him notice of, or an opportunity to be heard or present at, the hearing. He also *880 alleged that the Board discriminates on the basis of religion. Pursuant to 28 U.S.C. § 1915, the district court sua sponte dismissed Longyear’s due process claim for failure to state a claim under the United States Constitution, and dismissed his religious discrimination claim as “clearly baseless.” See 28 U.S.C. § 1915(e)(2)(B) (requiring district court to dismiss a complaint when it determines that “the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary rehef against a defendant who is immune from such rehef’).
On appeal, Mr. Longyear raises three issues: 1) that the Board violated his due process rights by holding an original parole hearing without notifying him of the hearing, giving him any opportunity to appear at the hearing, or informing him of the evidence presented against him; 2) that the Board engages in religious discrimination in evaluating parole; and 3) that the executive and legislative branches of Utah’s government are engaged in a conspiracy to allow these violations to continue.
Due Process Claim. In April 1998, Longyear was committed to prison for a one-to-fifteen year sentence. Under Utah’s sentencing system, “the trial judge is required to impose the statutorily prescribed range of years and then the Board of Pardons decides the length of time a person is confined.” Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir.1994). Pursuant to Utah’s sentencing system, the Board held an original parole hearing in June 1998 at which it considered Longyear’s offense and the evidence against him. As a result of that hearing, the Board set January 2001 as the first date at which Longyear would be considered for parole.
Longyear contends the Board violated his federal due process rights because it did not notify him of the hearing, give him any opportunity to appear at the hearing, or inform him of the evidence presented against him. Citing Malek, 26 F.3d at 1016, the district court dismissed this claim on the basis that Utah prisoners have no recognized federal liberty interest in parole.
We review the district court’s dismissal of Mr. Longyear’s due process claims for failure to state a claim de novo. See Perkins v. Kan. Dep’t of Corr., 165 F.3d 803, 806 (10th Cir.1999) (“[A] de novo standard should govern review of dismissals under § 1915(e)(2)(B)(ii).”). This court has previously ruled that the Utah parole statute creates no legitimate expectation of release because the state has granted the Board “complete discretion in making parole decisions.” Malek, 26 F.3d at 1016. Thus, Malek held, the Utah parole statute “does not create a liberty interest entitling [Utah prisoners] to due process protection under the Fifth and Fourteenth Amendments to the United States Constitution and thus cannot be used as a basis for rehef under § 1983.” Id. While it is true that the Utah Supreme Court has imposed state-level due process requirements on the Board at the original parole hearing stage, see, e.g., Labrum v. Utah State Bd. of Pardons, 870 P.2d 902, 911 (Utah 1993), this does not give rise to a federal due process claim. “[A] violation of state law alone does not give rise to a federal cause of action under § 1983.” Malek, 26 F.3d at 1016. Because the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection, there is no basis for a federal due process claim arising from the conduct of these state-level parole hearings. See id. The district court, therefore, correctly dismissed Longyear’s due process claims.
Religious Discrimination Claim. Longyear alleged in his complaint that the Parole Board considers an inmate’s mem *881 bership in the Mormon church and involvement in Mormon programs, and disregards the same program if not taught by the Mormon church. He also alleges that a 1996 report to the Utah Governor concluded that Mormon prisoners received earlier hearing dates and served less time than non-Mormon prisoners, and that in 1997, the Parole Board based a parole decision about an inmate on his desire to go on a mission for the Mormon Church. As part of its screening obligations under 28 U.S.C. § 1915A(b)(l), to review prisoner complaints, the district court ruled this claim was factually frivolous because Longyear’s complaint lacked any specific facts to support his allegation that Mormons received special treatment from the Parole Board and failed to allege any facts suggesting Longyear had suffered any personal injury. The district court dismissed Longyear’s complaint with prejudice. We review the district court’s dismissal of Longyear’s religious discrimination claim as frivolous under § 1915A(b)(l) for abuse of discretion. See McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir.1997).
Longyear made additional factual allegations in his opening brief before this court, from which we conclude Longyear could have amended his complaint to demonstrate he had standing to assert viable Establishment Clause and Equal Protection Clause claims. We believe, therefore, that it was not appropriate for the district court to have dismissed Longyear’s complaint with prejudice. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (holding that a pro se prisoner’s complaint should not be dismissed without leave to amend a potentially curable defect in standing). Here, however, Longyear never requested leave to amend his religious discrimination claim in any post-judgment motion before the district court. When his complaint was dismissed, Longyear did not file a motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Rule 60(b). See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir.2001) (noting that litigants have post-judgment procedural safeguards to avoid erroneous sua sponte dismissals of complaints under § 1915). Further, Longyear does not contend on appeal that he should have been given an opportunity to amend his religious discrimination claim. Thus, we conclude the district court did not abuse its discretion in dismissing this claim. See Burleigh v. Utah Bd. of Pardons & Parole, 54 Fed.Appx. 683 (10th Cir.2003) (unpublished order and judgment).
Conspiracy Claim. Finally, Longyear asserts on appeal that, by their inaction, the governor and the legislature of the State of Utah are engaged in a conspiracy to allow these alleged constitutional violations to continue. Longyear did not present this issue to the district court and we decline to reach it for the first time on appeal. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993).
The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.