Bruce R. LONGYEAR, Plaintiff—
Petitioner,

v.

UTAH BOARD OF PARDONS
& PAROLE, Defendant—
Respondent.

No. 02–4159.

D.C.No. 2:01–CV–408–PGC.

United States Court of Appeals,
Tenth Circuit.

Aug. 29, 2003.

Bruce R. Longyear, Hurricane, UT, pro se.

Mark L. Shurtleff, Attorney General, Salt Lake City, UT, for Defendant–Appellee.

Before EBEL, HENRY, and MURPHY, Circuit Judges.

## ORDER

Following the entry of an Order and Judgment by this panel affirming the district court's dismissal of his case, Longyear petitioned for rehearing with a suggestion for rehearing *en banc*.[1] In his petition, Longyear seeks reconsideration of the due process, conspiracy, and religious discrimination issues decided adversely to him in the Order and Judgment. For the reasons stated below, we GRANT the petition for rehearing and REMAND as to the religious discrimination issue, and DENY the petition as to the due process and conspiracy issues.

Longyear alleged in his complaint that the Parole Board considers an inmate's membership in the Mormon church and involvement in Mormon programs when making parole decisions. The district court ruled that this claim was frivolous because Longyear's complaint lacked any specific facts to support his allegation that Mormons received special treatment from

---

1. The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R.App. P. 35. No member of the panel and no judge in regular active service on the court requested that the court be polled on rehearing en banc, so the suggestion for rehearing en banc is denied.

the Parole Board and did not allege facts indicating that Longyear himself had suffered an injury. The district court dismissed Longyear's complaint with prejudice.

On appeal, however, Longyear made additional factual allegations in his brief from which we concluded that Longyear could have amended his complaint to demonstrate that he had standing to assert viable Establishment Clause and Equal Protection Clause claims. Although we concluded that it therefore was not appropriate for the district court to have dismissed the complaint with prejudice, we found that Longyear waived the opportunity for amendment by failing to file a motion to alter or amend the judgment under Rule 59(e) or for relief from judgment under Rule 60(b). Accordingly, we affirmed the district court's dismissal of the case.

In his petition for rehearing, Longyear argues that his failure to file post-judgment motions should be excused because he did not know he could make such motions because the law library in his Utah state prison does not contain copies of the Federal Rules of Civil Procedure. He claims that while the prison library does contain copies of the local federal rules for the Utah federal district court, those rules do not contain the substance of Federal Rules 59 and 60.

We remand this case to the district court for a hearing and to make findings regarding whether Longyear had access to the Federal Rules of Civil Procedure, and specifically Rules 59 and 60. If the district court finds that Longyear did not have access to those rules, then the court should conclude that his failure to raise post-judgment motions under those rules seeking leave to amend his religious discrimination claim is excused. In that case, the district court should vacate its prior order of dismissal with prejudice and should give Longyear the opportunity to amend his complaint to plead his religious discrimination claim in greater detail.

If, however, the district court finds that Longyear *did* have access to Rules 59 and 60, then unless the court finds some other reason for excusing Longyear's failure to make post-judgment motions under those rules seeking leave to amend, the court should enter an order finding that Longyear's failure to make those motions is not excused. In that event, the district court's order of dismissal with prejudice should stand pursuant to our initial Order and Judgment in this case.

We GRANT Longyear's petition for rehearing with respect to the religious discrimination issue only, and we REMAND the case for proceedings consistent with this Order. We DENY the petition for rehearing as to the other issues raised by Longyear.