HENRY, Circuit Judge,
concurring in part and dissenting in part.
I join the majority in affirming the district court on all but the religious discrimination claim. As the majority notes, the appeal in Longyear v. Utah Bd. of Pardons & Parole, No. 02-4159, 68 Fed.Appx. 878, 2003 WL 21308900 (10th Cir. June 5, 2003) (unpublished order and judgment), presented similar issues. In that case, as here, I would have held that the district court erred in dismissing the religious discrimination claim with prejudice and as frivolous.
If Longyear had been a published opinion, its precedential status would have required me to set aside my concerns and to vote with the majority in this case. Because our rules specifically provide for unpublished orders and judgments that “are not binding precedents, except under the doctrines of law of the case, res judicata, and collateral estoppel,” 10th Cir. R. 36.3(A), and because citation to such orders and judgments is “disfavored,” 10th Cir. R. 36.3(B), I believe that this panel retains its discretion to reach an outcome contrary to that reached in Longyear. For the reasons stated in my separate opinion in that case, I therefore restate my conclusion that the religious discrimination claim in this case should have been dismissed without prejudice (and was certainly not frivolous).
As the majority here notes, in Longyear we remanded to the district court for findings regarding the availability of the Federal Rules of Civil Procedure (specifically, the text of Rules 59 and 60). We did so because of the possibility that the majority might reach a different conclusion regarding the district court’s handling of the religious discrimination claim. Because my proposed outcome does not require knowing whether the text of Rules 59 and 60 is available to Utah prisoners, my views are not dependent on the outcome of the proceedings on remand. Accordingly, I respectfully dissent from the majority’s disposition of the religious discrimination claims.