**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKY GREATHOUSE,

        Plaintiff-Appellant,

v.

MICHAEL R. SIBBETT, Member of
the Utah Board of Pardons and Parole,
in his individual capacity; MICHAEL
O. LEAVITT, Governor, State of
Utah, in his individual capacity,

        Defendants-Appellees.

No. 02-4041
(D.C. No. 2:01-CV-798-C)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ricky Greathouse appeals the district court's dismissal of his civil rights complaint alleging that (1) the Utah Board of Pardons and Parole (Board) violated his federal due process rights by holding an original parole hearing to determine the length of his sentence without giving him notice of, or an opportunity to be heard or present at, the hearing; (2) the procedures used by the Board generally in making parole decisions violate the requirements of due process; (3) the Governor and the Utah State Legislature have conspired to deny Mr. Greathouse's due process rights by failing to properly oversee the Board's operation and correct the unconstitutional procedures; and (4) the Board discriminates on the basis of religion when making parole decisions. The district court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Mr. Greathouse contends that it was error for the district court to dismiss his claims. We affirm in part and reverse in part the district court's order of dismissal and remand the matter for further proceedings.

This case is in all material aspects virtually identical to two earlier decisions of this court, *Suarez v. Utah Board of Pardons & Parole*, No. 02-4162, 2003 WL 22046122 (10th Cir. Aug. 29, 2003), and *Longyear v. Utah Board of Pardons & Parole*, 68 Fed. Appx. 878 (10th Cir. June 5, 2003), *reh'g granted in part*, No. 02-4159, 2003 WL 22046101 (10th Cir. Aug. 29, 2003), whose reasoning we expressly adopt. We conclude that the district court's dismissal of

the due process and conspiracy claims was proper. We further determine, as expected in *Suarez*, that petitioner has made additional factual allegations in his pro se brief which might have enabled him to amend his complaint to state a claim for religious discrimination. *Suarez*, 2003 WL 22046122, at *3.

Like the petitioners in *Longyear* and *Suarez*, Mr. Greathouse did not file a post-judgment motion for relief under Fed. R. Civ. P. 59(e) or 60(b). We have remanded both *Longyear* and *Suarez* in order for the district court to determine whether these petitioners in fact had access to the Federal Rules of Civil Procedure, a course we likewise follow here.

Accordingly, we reverse the district court's dismissal of Mr. Greathouse's religious discrimination claim and remand this cause to the district court for further proceedings to determine whether he had access to the Federal Rules of Civil Procedure, and specifically Rules 59 and 60. If the district court finds that Mr. Greathouse did not have access to those rules, then the court should conclude that his failure to make post-judgment motions seeking leave to amend his religious discrimination claim is excused. In that case, the district court should permit Mr. Greathouse to replead his religious discrimination claim with greater specificity. If, however, the district court finds that Mr. Greathouse *did* have access to Rules 59 and 60, the court may reenter an order dismissing the religious discrimination claim with prejudice.

We AFFIRM the district court's dismissal of Mr. Greathouse's due process and conspiracy claims. We REVERSE the district court's dismissal of Mr. Greathouse's religious discrimination claim and REMAND to the district court for proceedings consistent with this order and judgment. We GRANT Mr. Greathouse's motion to proceed without prepayment of costs and fees, and he is reminded that he is obligated to continue making payments until the filing fee is paid in full.

Entered for the Court

Stephanie K. Seymour
Circuit Judge