F I L E D
United States Court of Appeals
Tenth Circuit

OCT 8 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRUCE R. LONGYEAR,

      Plaintiff-Appellant,

v.

UTAH BOARD OF PARDONS &
PAROLE,

      Defendant-Appellee.

No. 04-4029
(D. Utah)
(D.Ct. No. 01-CV-408-PGC)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Bruce Longyear, an inmate at the Purgatory Correctional Facility in Utah, appeals the dismissal of his *pro se* 42 U.S.C. § 1983 civil rights claim against the Utah Board of Pardon and Parole (the Board).[1]  He claims the district court erred in finding the prison provided adequate access to the Federal Rules of Civil Procedure and concluding there was no excusable reason for his failure to file the necessary post-judgment motions.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

### Background

In 2001, Longyear filed a *pro se* 42 U.S.C. § 1983 complaint alleging the Board violated his due process rights by holding his original parole hearing without affording him notice or an opportunity to be heard.  In addition, he alleged the Board improperly determines parole on the basis of the particular inmate's religion.  The district court, *sua sponte*, dismissed his due process claim for failure to state a claim under the United States Constitution.  It also dismissed his religious discrimination claim as "clearly baseless."  *See* 28 U.S.C. § 1915(e)(2)(B)(I) (dismissal required if the action "is frivolous or malicious").

On his first appeal (*Longyear I*), he raised three issues, whether: (1) the Board violated his due process rights when holding his original parole hearing;

---

[1]We construe pro se pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

(2) the factual basis for his religious discrimination claim was sufficient; and (3) Utah's executive and legislative branches are conspiring to allow these violations to continue. We affirmed the dismissal of Longyear's due process and conspiracy claims. *See Longyear v. Utah Bd. of Pardons & Parole*, No. 02-4159 (10th Cir. June 5, 2003). Addressing his religious discrimination claim, a majority found Longyear had presented sufficient facts in his appellate brief to demonstrate his claim was not frivolous, but that he failed to present these facts to the district court or to file any post-judgment motion. Consequently, the panel affirmed the district court's dismissal of his claim. *Id.*

Longyear moved for rehearing, which the panel granted. It again denied his due process and conspiracy claims. However, it was uncertain whether he had access to the Federal Rules of Civil Procedure ("Federal Rules"), specifically, Rules 59 and 60; if not, his failure to file post-judgment motions should be excused. As a result, the panel remanded the case for a hearing and findings as to whether Longyear had access to the Federal Rules. *Longyear v. Bd. of Pardons & Parole*, No. 02-4159 at 3 (10th Cir. Aug. 29, 2003).

On remand, Longyear offered two reasons why the district court should allow him to amend his complaint to include facts alleged for the first time in the *Longyear I* brief. First, he claimed the Federal Rules were not available in the prison's legal resources, which provided only Utah law and the local federal

district court rules. Second, he asserts the packet of materials provided to inmates who wish to file civil claims contained only the Rules of Practice for the United States District Court for the District of Utah ("local rules"), and the language in the local rules misled him into believing no other rules must be consulted. From that, he argues he had a reasonable excuse for failing to file post-judgment motions under the Federal Rules.

In response, the Board submitted a *Martinez* report[2] in which it conceded the Federal Rules were not immediately available at the prison facility. However, it asserted Longyear had access to the Federal Rules through his ability to contact persons trained in law and the availability of the Federal Rules, on request, from at least two sources: (1) the contract attorneys for the Board; and (2) the Sheriff's Office of Washington County ("Sheriff's Department"), the office responsible for general prison services. The *Martinez* report included a letter written by the contract attorneys and the affidavit of Mary Reep, a correctional officer for the Sheriff's Department in charge of supportive services.

The contract attorneys' letter listed each of Longyear's requests for legal assistance, the date it was received, and the date and substance of their response.

---

[2]Even though the Board was technically not a party at this time, upon order of the district court, it submitted a report addressing Longyear's access to the Federal Rules of Civil Procedure. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (the district court may order the prison administration to submit a report to be included in the pleadings in cases where a prisoner has filed suit alleging a constitutional violation).

The letter indicates Longyear made five requests for copies of cases or articles between April and July, 2001. In response to his requests, the contract attorneys declined to provide copies of the requested materials, explaining their "contract only provides for provision of cases pertinent to pleadings we may be assisting an inmate with." (R. Doc. 30, Ex. A at 1.) However, on several occasions they listed the addresses of law libraries which provided copies for a nominal fee and further suggested that Longyear submit a request to meet with a contract attorney if he had any questions.

Ms. Reep's affidavit avers the Sheriff's Department received and granted Longyear's request to use the "Law on Disk" program available to inmates. (R. Doc. 30, Exhibit B at 2.) While the program is limited to Utah state law, she also stated her office would have supplied Longyear a copy of the Federal Rules, but he never requested a copy.

Without further argument, the district court issued its ruling. It found that although the Federal Rules were not directly available at the prison facility, Longyear was aware he could have accessed additional legal materials through outside sources. The district court rejected Longyear's argument that he was misled by the local federal district court rules, noting the references in the local rules clearly indicated they were merely supplemental and such references should have put Longyear on notice that he needed to request a copy of the Federal Rules

for complete information with which to proceed. Accordingly, the district court found Longyear had adequate access to the Federal Rules and his failure to consult them was not otherwise excusable. As a result, it reinstated its dismissal with prejudice of his religious discrimination claim. Longyear appeals.

## II. DISCUSSION

Longyear repeats the arguments made in the district court. They may be parsed into two categories. First, he argues the district court erred in finding he had adequate access to the Federal Rules. Second, even if he had access, he claims his failure to file post-judgment motions is due to excusable neglect. We address each argument in turn.

A.      Access to Legal Materials

Whether Longyear had access to the Federal Rules is a question of fact. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." FED. R. CIV. P. 52(a). "A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998) (citation and quotation omitted).

While the Supreme Court has acknowledged an inmates's constitutional right to access the courts, *Bounds v. Smith,* 430 U.S. 817, 828 (1977), the Court

has also held *Bounds* does not establish an abstract right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Although providing access to a law library is an acceptable means of effectuating the right of access to the courts, *Bounds* did not "foreclose alternative means" to achieve access to the court. *Bounds*, 430 U.S. at 830.

On appeal, Longyear argues the district court failed to consider the time constraints caused by prison procedures governing requests for legal materials. According to Longyear, he had no reason to read Rule 59 until after the dismissal of his claim. The prison procedures required all requests be made in writing and allowed a five day response time to the written requests. Longyear reasons that the eight to ten day delay in receiving a response prevented him from accessing the Federal Rules within the ten day time frame for filing a motion under Rule 59, and therefore, his access was inadequate. Unfortunately, Longyear did not present this particular theory to the district court.

> It is clear in this circuit that absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal. This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory on appeal that falls under the same general category as an argument presented at trial. We have therefore repeatedly stated that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory.

*McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (citations and quotations omitted). In addition, the record is silent regarding the time between a request and a response. Instead, the record evidence indicates that

-7-

many of the contract attorney responses to Longyear's requests were initiated the same day they were received. Because this issue was not before the district court and we do not consider factual allegations unsupported by the record, this argument fails.

Even if we were to consider his allegations, the ten-day time frame for filing a Rule 59 motion is irrelevant to whether Longyear had access to the Federal Rules. Longyear knew he needed the Federal Rules to supplement the local rules long before the district court dismissed his claim. His allegation that the local rules' introductory comments and the specific commentary to Rules 59 and 60 misled him is belied by his earlier pleadings referencing the Federal Rules. In September 2001, Longyear filed a motion to amend his complaint citing Rule 15 of the Federal Rules. Rule 15 is one of the many Federal Rules referred to in the local rules with the same commentary found under Rule 59 and 60.[3] Thus, Longyear knew the local rules merely supplemented the Federal Rules in 2001, nearly a year before his claim was dismissed. Consequently, Longyear was aware

---

[3] The local rules' introductory comments inform the reader that "this packet contains a complete set of the new rules." Utah District Court Civil Rules (September 1, 1997). The specific commentary under Rule 59 and 60 states, "[t]here is no corresponding local rule." *Id*. at 14. Similarly, Rule 11 (Signing of Pleadings, Motions and Other Papers; Representations to Court; Sanctions), Rule 12 (Defenses and Objections - When and How Presented), Rule 13 (Counterclaim and Cross-Claim), Rule 15 (Amended and Supplemental Pleadings), Rule 17 (Parties Plaintiff and Defendant; Capacity), Rule 19 (Joinder), Rules 27-36 (Discovery) comprise a list of only some of the referenced Federal Rules with no corresponding local rule.

his claims were governed by the Federal Rules long before Rule 59's ten-day time restriction was at issue.

We also reject Longyear's assertion that the limited contractual obligations of the contract attorneys prevented access to a copy of the Federal Rules. Not only did he manage to find a copy of Rule 15, but he completely ignores the list of law library addresses sent to him by the contract attorneys on April 9 and May 7, 2001. The attorneys advised Longyear the law libraries "could provide case law at a nominal cost." (R. Doc. 30.) Even assuming Longyear believed he could not receive a copy of the Federal Rules from the contract attorneys or the Sheriff's Department (an attempt he never made), he clearly could have requested a copy from a law library.

In his final assault on the district court's determination he had adequate access to the Federal Rules, Longyear asserts the personnel at his facility and at the Sheriff's Department did not follow the procedures for providing legal material. Again, this argument was not raised in the district court proceedings, nor are the attachments to Longyear's brief sufficient to support his factual allegations. The record, as it exists, fully supports the district court's determination that Longyear had adequate access to the Federal Rules, including Rules 59 and 60. We therefore find no error in the district court's ruling.

B.      Excusable Neglect

In the alternative, Longyear contends that even if the materials were available from an outside source, the confusion created by the local rules coupled with a pro se plaintiff's understandable difficulty in navigating the legal system provides sufficient justification for his failure to request the Federal Rules.  We disagree.

The district court's finding as to the presence or absence of "excusable neglect" will not be overturned "unless there has been a clear abuse of discretion."  *United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004) (examining excusable neglect in filing notice of appeal under FED. R. APP. P. 4(b)(1)(A)).  Whether a failure to meet a deadline is "excusable" is an equitable determination considering "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  We note that Longyear's *pro se* status does not excuse his obligation to comply with the requirements of the Federal Rules of Civil Procedure.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply

-10-

with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Although the possibility of prejudice to the Board and the potential impact caused by Longyear's delay is probably minimal, we cannot find an abuse of discretion in the district court's determination that the reason for delay and Longyear's absence of good faith outweigh these considerations.

As discussed above, the record supports the district court's finding that Longyear should have been aware of the importance of the Federal Rules in proceeding with his claim.  While it may be arguable that the nuance of one rule or procedure may cause confusion, Longyear's disregard of the repeatedly referenced Federal Rules can only be characterized as deliberate indifference.

Moreover, Longyear concedes the contract attorneys offered to meet with him.  He argues their offer to meet is of no import because he had no assurance "that a meeting would have any meaningful value[.]" (Appellant's Br. at 15.)  In light of Longyear's lamentations on the difficulties of pro se litigation, it appears there is little doubt a meeting with an attorney would have been advantageous, especially for advice on procedure.  Longyear's disinterest in seeking the offered legal advice is a sound reason for the district court's conclusion that his failure to file a post-judgment motion was not excusable.

The judgment of the district court is AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge