26 F.3d 1013
 Louis J. MALEK, Plaintiff-Appellant,
v.
H.L. (Pete) HAUN, Chairman, Utah Board of Pardons and
Parole; Don Blanchard, Member, Utah Board of Pardons and
Paul Larsen, Hearing Officer/Staff Member, Utah Board of
Pardons, in their individual and official capacities,
Defendants-Appellees.
 No. 94-4003.
 United States Court of Appeals,
Tenth Circuit.
 June 10, 1994.
 
 Louis J. Malek, pro se.
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Louis J. Malek (Malek), appearing pro se and in forma pauperis, appeals from the district court's Order which adopted the magistrate judge's recommendation and dismissed Malek's 42 U.S.C. Sec. 1983 action as "frivolous" pursuant to 28 U.S.C. 1915(d).
 
 
 3
 Malek brought this Sec. 1983 action against Defendants Pete Haun, Chairman, Utah Board of Pardons and Parole; Don Blanchard, Member, Utah Board of Pardons; and Paul Larsen, Hearing Officer/Staff Member, Utah Board of Pardons, in their individual and official capacities. In his complaint, Malek alleged that: he was denied an opportunity to appeal the parole board's decisions; he was denied access to the parole board's standards and criteria; he was denied access to his prison record or files; he was denied counsel at the parole board hearings; the parole board used an improper parole determination scheme; the parole board failed to credit his sentence; the parole board used improper eligibility criteria; and the parole board improperly applied parole criteria retroactively. Malek alleges that these actions denied him due process of law, subjected him to cruel and unusual punishment, subjected him to double jeopardy, and resulted in an ex post facto application of the law thus violating the Fifth, Eighth, and Fourteenth Amendments, and Article I, Section 10, Clause 1 of the United States Constitution. Malek requested compensatory damages, declaratory, and injunctive relief.
 
 
 4
 Malek was originally incarcerated in March, 1983 on two counts of aggravated robbery and attempted murder. For these crimes, he was sentenced to five years to life with additional time of two to six years, to be served consecutively, for firearm enhancements. Malek appeared before the Utah Board of Pardons on July 7, 1984, July 15, 1988, and February 19, 1993. Each time he appeared, Malek was denied parole.
 
 
 5
 The district court, adopting the magistrate judge's recommendation, ruled that defendants Haun and Blanchard were entitled to absolute immunity from damages. Providing further explanation, the district court ruled that defendant Larsen was entitled to at least qualified immunity and the sole allegation concerning Larsen was insufficient to overcome qualified immunity.
 
 
 6
 We review for abuse of discretion the district court's dismissal of an in forma pauperis complaint as frivolous. Denton v. Hernandez, --- U.S. ----, ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). A complaint is properly dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if, after looking at both factual allegations and legal conclusions, it appears that the complaint lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991).
 
 
 7
 We agree that Malek's complaint is frivolous under 28 U.S.C. Sec. 1915(d). We also agree that the defendants are immune from damages liability based on their entitlement to either absolute or qualified immunity. See Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992); Knoll v. Webster, 838 F.2d 450 (10th Cir.1988). However, in addition, we base our decision on a ground separate from that of the district court in order to address Malek's request for declaratory and injunctive relief. We hold that Malek's Sec. 1983 claim is also frivolous because it is based upon an infringement of a legal interest which clearly does not exist under the United States Constitution. See Neitzke, 490 U.S. at 327-28, 109 S.Ct. at 1832-33.
 
 
 8
 It is well settled law that to establish a claim under Sec. 1983, a plaintiff must allege a deprivation of a federally protected right under color of state law. Marland v. Heyse, 315 F.2d 312, 314 (10th Cir.1963).
 
 
 9
 "The Due Process Clause applies when government action deprives a person of liberty or property." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1978). In order for a person to have a liberty interest in parole entitled to protection, he must have a legitimate claim of entitlement to it. Id. at 7, 99 S.Ct. at 2103-04. Not only is there no constitutional or inherent right to receive parole prior to the expiration of a valid sentence, but, absent state standards for the granting of parole, decisions of a parole board do not automatically invoke due process protections. Id. at 7-8, 99 S.Ct. at 2103-04.
 
 
 10
 Utah Code Ann. Sec. 77-27-5, Board of Pardons authority, provides in pertinent part:
 
 
 11
 (1)(a) The Board of Pardons shall determine by majority decision when and under what conditions, subject to this chapter and other laws of the state, persons committed to serve sentences in ... all felony cases ... may be released upon parole.... (emphasis added)
 
 
 12
 Utah Code Ann. Sec. 77-27-9, Parole proceedings, provides in pertinent part:
 
 
 13
 (1) The Board of Pardons may pardon or parole any offender or commute or terminate the sentence of any offender committed to a penal or correctional facility under the jurisdiction of the Department of Correction for a felony[1].... The release of an offender shall be at the initiative of the board, which shall consider each case as the offender becomes eligible....
 
 
 14
 Following the principles established in Greenholtz, these statutes create no "legitimate expectation of release." Greenholtz, 442 U.S. at 12, 99 S.Ct. at 2106. But cf. Board of Pardons v. Allen, 482 U.S. 369, 377-80, 107 S.Ct. 2415, 2420-22, 96 L.Ed.2d 303 (1987) (concluding that the Montana parole statute uses mandatory language which creates a liberty interest and places significant limits on the board's discretion). The Utah statute grants the parole board complete discretion in making parole decisions, once an offender is eligible. In Dock v. Latimer, 729 F.2d 1287, 1290-91 (10th Cir.), cert. denied, 469 U.S. 885, 105 S.Ct. 256, 83 L.Ed.2d 193 (1984), we concluded that a predecessor Utah parole statute placed no limitations on the parole board's discretion and therefore did not create a liberty interest entitled to due process protections under the United States Constitution. The rationale applied in Dock has since been applied to more recently enacted Utah parole statutes and amendments with consistent results. See Houtz v. Deland, 718 F.Supp. 1497, 1503-03 (D.Utah 1989).
 
 
 15
 Utah has a sentencing system in which the trial judge is required to impose the statutorily prescribed range of years and then the Board of Pardons decides the length of time a person is confined. Labrum v. Utah State Bd. of Pardons, 870 P.2d 902, 907 (Utah 1993); Foote v. Utah Bd. of Pardons, 808 P.2d 734, 735 (Utah 1991). The board relies on sentencing guidelines to estimate the proper length of sentence under the circumstances and to establish an original parole release date, much like a sentencing judge in the federal system. See Labrum, 870 P.2d at 907. The Utah Constitution grants due process protection for the original parole grant hearing at which the board determines the predicted terms of incarceration. Id. at 911. Nevertheless, even though Malek alleges a violation of the Utah Constitution, a violation of state law alone does not give rise to a federal cause of action under Sec. 1983. Williams v. Treen, 671 F.2d 892, 900 (5th Cir.1982), cert. denied, 459 U.S. 1126, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983).
 
 
 16
 Accordingly, we hold that the Utah parole statute does not create a liberty interest entitling Malek to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution and thus cannot be used as a basis for relief under Sec. 1983.
 
 
 17
 Next, in his complaint, Malek simply raises cruel and unusual punishment, double jeopardy, and ex post facto application of the law without explaining in detail how these were violated. Because Utah prisoners have no legitimate entitlement to parole prior to the completion of their sentence, neither the denial of parole nor the lack of enforceable parole guidelines can constitute cruel and unusual punishment, double jeopardy, or ex post facto application of the law. A state may establish a parole system, but is not obligated to do so. Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2103-04. It follows that a state may also change an existing parole system without necessarily triggering the need for Constitutional protections.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 For certain specified felonies, such as aggravated assault, kidnapping, and sexual crimes the parole board may not consider parole for any offender until the offender has served the minimum term for the offense