77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roger Eugene PENMAN, Jr., Plaintiff-Appellant,
v.
Michael O. LEAVITT, Governor for the State of Utah; Michael
R. Sibbett, Chairman, Utah State Board of Pardons; Donald
E. Blanchard; H.L. Haun; Curtis Garner; Cheryl Hansen,
Members of the Utah State Board of Pardons; Andy Taylor,
Project Manager of the Utah State Board of Pardons,
Defendants-Appellees.
 No. 95-4063.
 United States Court of Appeals, Tenth Circuit.
 Feb. 15, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LUCERO
 
 1
 Plaintiff Roger Eugene Penman, Jr. appeals from the district court's order dismissing his complaint filed pursuant to 42 U.S.C.1983 as frivolous under 28 U.S.C.1915(d). Plaintiff claims the procedures employed by the Utah Board of Pardons and Parole (Board) in setting his parole date for September 11, 2001, violated his rights to due process, and constituted cruel and unusual punishment. He asserts the Board failed to provide him with a statement of the conduct that formed the basis of its decision, based its decision on an unclear record, and failed to change incorrect information on which it based its decision.
 
 
 2
 As a corollary to his unclear record claim, plaintiff maintains that his plea bargain agreement was ambiguous and therefore should be construed against the government. Because plaintiff points to no ambiguity in the plea agreement, but rather erroneously claims that the Board is required to accept the facts as he believes the plea agreement states them, we need not address whether it was ambiguous. Cf. Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (federal court cannot resolve issues that do not affect litigants' rights).
 
 
 3
 The district court may dismiss a complaint as frivolous or malicious under 28 U.S.C.1915(d) if it is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 324, 327 (1989). We review the district court's dismissal of a complaint pursuant to 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). We liberally construe plaintiff's pro se pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 Plaintiff relies on authority from other jurisdictions to support his arguments. Our decisions are controlled by the law of the United States Supreme Court and this circuit. See Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n, 969 F.2d 943, 948 (10th Cir.1992); United States v. Rodriguez-Mejia, 20 F.3d 1090, 1092 n. 2 (10th Cir.), cert. denied, 115 S.Ct. 640 (1994).
 
 
 5
 "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). "[T]he Utah parole statute does not create a liberty interest entitling [plaintiff] to due process protection ... and thus cannot be used as a basis for relief under 1983." Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir.1994); accord Dock v. Latimer, 729 F.2d 1287, 1291-92 (10th Cir.) (reaching same conclusion based on predecessor Utah parole statute), cert. denied, 469 U.S. 885 (1984). Plaintiff's claims based on the Eighth Amendment protection from cruel and unusual punishment also are not implicated under the Utah parole statutes. Malek, 26 F.3d at 1016. Even if parole procedures violate the state constitution or laws, "a violation of state law alone does not give rise to a federal cause of action under 1983." Id. Therefore, plaintiff's complaint is based on a meritless legal theory, and was properly dismissed pursuant to 1915(d). We find no abuse of discretion.
 
 
 6
 Plaintiff requests that we construe his complaint as a petition for writ of habeas corpus under 28 U.S.C. 2241, 2254 on the ground that his direct criminal appeal has been delayed unduly. He did not present this issue to the district court. Therefore, we do not consider it. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992) (matters not presented to district court will not be considered for first time on appeal).
 
 
 7
 The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3