**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELVIN E. SMITH,

      Plaintiff-Appellant,

v.

O. LANE MCCOTTER; J. TERRY
BARTLETT, Head of Division of
Institutional Operations, in his official
and individual capacities; HANK
GALETKA, Warden of the Utah
Department of Corrections, in his
official and individual capacities;
JUNE HINCKLEY, Records Clerk for
the Utah Department of Corrections, in
her official and individual capacities,

      Defendants-Appellees.

No. 99-4025

(D.C. 98-CV-865-S)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Smith brought this action pursuant to 28 U.S.C. § 1983, alleging the defendants violated his right to speedy trial. The district court denied *in forma pauperis* status and dismissed the complaint under 28 U.S.C. § 1915 (g), finding that Mr. Smith had on "3 . . . prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915 (g). Among the three cases listed by the district court was Smith v. Lanna, 93-CV-44 (D. Utah 1993).

In Smith v. Lanna the district court dismissed the complaint against most defendants "because no arguable claim for relief is stated." Rec. doc. 4, at 5 (Magistrate's Report and Recommendation dated May 10, 1993). However, "[a]s to the other defendants, an arguable claim is stated but additional information is needed for service." Id. Thus, the court dismissed the complaint giving Mr. Smith leave to file an amended complaint within ten days if he could provide the additional information required for service. See id.

In our opinion, this dismissal is not for failure to state a claim upon which relief may be granted. Therefore, because we hold that Mr. Smith has only on

2

two prior occasions had actions "dismissed" for section 1915(g) purposes, Mr. Smith's complaint cannot be dismissed on that ground.

However, Mr. Smith's complaint could properly be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted, and we may affirm the district court's dismissal for any correct reason supported by the record. See Medina v. City and County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992)  Mr. Smith alleged that the defendant's willful failure to file his demand for a disposition of a pending charge, in accord with Utah Code Ann. § 77-29-1, violated his federal right to a speedy trial.

"[A] violation of state law alone does not give rise to a federal cause of action under 1983." Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir. 1994).  Thus, Mr. Smith's allegation that the defendants violated Utah law, would not provide ground for a section 1983 claim against them.

Liberally construing Mr. Smith's pro se claim, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we might consider whether the alleged violation of Utah law is evidence of the second and third factors provided by the Supreme Court with which we evaluate an alleged violation of the right to a speedy trial:  reason for the delay, and defendant's assertion of his right. See Barker v. Wingo, 407 U.S. 514, 530 (1972) (listing length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant as relevant

3

factors).  However, Mr. Smith's allegation that his right to speedy trial was violated cannot withstand even the facts he alleges in his complaint.  He notes that he was not tried for 194 days after presenting his demand for disposition to the appropriate authorities.  See Rec. (Complaint dated October 9, 1998)) at 4. Utah law provides that trial must commence no later than 120 days after delivery of the demand, absent a motion for continuance by either party.  See Utah Code Ann. § 77-29-1.  Therefore, any malfeasance by the defendants with regard to the 120 day disposition demand could be responsible for at most a 64 day delay before Mr. Smith's trial.  Such delay cannot rise to the level of "presumptively prejudicial," enunciated in Barker, and we therefore do not reach the remaining three factors.  See Barker, 407 U.S. at 530.

Mr. Smith has failed to state a claim on which relief can be granted.

We accordingly AFFIRM the district court's dismissal.


Entered for the Court,

Judge Robert Henry
Circuit Judge

4