**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENHH CIRCUIT

HAYWOOD THOMPSON,

      Plaintiff - Appellant,

vs.

HANK GALETKA; MICHAEL R.
SIBBETT; DONALD BLANCHARD;
CURTIS GARDNER; CHERYL
HANSEN; DAVID FRANCHINA,

      Defendants - Appellees.

No. 01-4243
(D.C. No. 2:00-CV-800-B)
(D. Utah)

ORDER AND JUDGMENT*

Before **KELLY**, **McKAY**, and **MURPHY,** Circuit Judges.**

Haywood Thompson, a state inmate appearing pro se, appeals from the

district court's dismissal of his civil rights complaint with prejudice. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In October 2000, Mr. Thompson filed a complaint naming as defendants six

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

officers or employees of the state of Utah. The district court dismissed the case for failure to serve within 120 days, Fed. R. Civ. P. 4(m), but then the magistrate judge granted Mr. Thompson thirty-days in which to serve and reinstate his case. Mr. Thompson made his only attempt to serve the Defendants by mailing a letter and a copy of the complaint to the "Utah Attorney General's Office, Litigation Unit" via certified mail. The Defendants filed a successful motion to quash Plaintiff's attempted service, and the magistrate judge ordered Mr. Thompson to show within thirty days why his complaint should not be dismissed for failure to timely and properly serve process.

After receiving Mr. Thompson's response, the district court dismissed Mr. Thompson's complaint with prejudice for failure to effect proper service of process and failure to state a claim upon which relief can be granted.

In his appeal to this court, Mr. Thompson argues that (1) the district court erred in dismissing his complaint as failing to state a claim upon which relief can be granted because Utah law implicitly recognizes that Utah inmates have a liberty interest in parole and Utah's parole system violates federal and state equal protection and due process pursuant to 42 U.S.C. §§ 1981, 1983; and (2) the Defendants were properly served because the Utah Attorney General was acting as their attorney in defending against the suit.

We review the trial court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) de

novo, applying the same standard as the district court.  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 855 (10th Cir. 1999).  A complaint should not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id.

Despite his assertions that his federal and state constitutional rights have been violated, Mr. Thompson has failed to state a claim under either § 1981 or § 1983.  The district court correctly noted that § 1981 applies to commercial and employment contracts, not to whether an inmate receives parole.  Additionally, this court has held that "the Utah parole statute does not create a liberty interest entitling [a Utah inmate] to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution and thus cannot be used as a basis for relief under § 1983."  Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir. 1994).  Finally, Mr. Thompson's claim that Utah's parole system violates the state constitution cannot support a § 1983 claim because a plaintiff must allege a deprivation of a federally protected right under color of state law.  A violation of state law alone does not give rise to a federal cause of action under § 1983.  Id. at 1015-16.

In the alternative, we are also satisfied that the district court did not abuse its discretion in dismissing the complaint for improper and untimely service.  See

Espinoza v. United States, 52 F.3d 838, 840 (10th Cir.1995). A party does not waive a defense of insufficiency of service of process merely by appearing and contesting service. See Fed. R. Civ. P. 12(b)(5), 12(g).

We AFFIRM the district court's dismissal with prejudice.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge