**F I L E D**

**UNITED STATES COURT OF APPEALS**

**OCT 9 2003**

**TENTH CIRCUIT**

JACKIE DEE HUGHES,

    Plaintiff - Appellant,

v.

MICHAEL SIBBETTS, UTAH
BOARD OF PARDONS, MICHAEL
O. LEAVITT; Governor of the State of
Utah in his individual and official
capacity; and UTAH STATE
LEGISLATURE,

    Defendants - Appellants.

No. 02-4156
(Utah)
(D.C. No. 2:01-CV-924 K)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Jackie Dee Hughes filed a pro se 42 U.S.C. § 1983 (2002) complaint. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),[1] the district court dismissed the complaint sua sponte and with prejudice for failure to state a claim upon which relief can be granted. Mr. Hughes, still acting pro se,[2] appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Hughes is a state prisoner committed to Utah's Purgatory Correctional Facility. He was committed on January 8, 1999, to a term of imprisonment of fifteen years to life. On December 12, 2001, he filed a § 1983 complaint in the United States District Court for the District of Utah against members of the Utah Board of Pardons and Parole (Board), the Governor of Utah, and all members of the Utah Legislature, in their official and individual capacities. He alleged that Board practices relating to his term of imprisonment violated his due process rights under the federal Constitution.[3] In particular, he complained of the manner

---

[1] An action shall be dismissed if the court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) (2002).

[2] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[3] In his appellate brief, Mr. Hughes raises, for the first time, other provisions of the federal Constitution he claims the Board violated. We will not consider these issues separately, as they were not presented to the district court. *Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir. 1992). In any event, we construe all of Mr. Hughes' federal claims on appeal from district court to be subsumed under his due process challenge.

in which the Board set hearing dates,[4] conducted parole hearings and granted parole. He sought compensatory and punitive damages, together with injunctive relief. The district court dismissed his complaint for failure to state a due process claim, reasoning that he had no protected liberty interest in parole.

We review de novo. *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999). As with a dismissal under Fed. R. Civ. P. 12(b)(6), dismissal under § 1915(e)(2)(B)(ii) is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts" that would entitle him to the relief claimed. *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (quotations and citations omitted).

*Malek v. Haun* is dispositive. 26 F.3d 1013 (10th Cir. 1994). There, we held a prisoner committed under Utah law does not possess a protected liberty interest in his parole under the due process clause of the Fourteenth Amendment. *Id.* at 1016. Under no set of facts can Mr. Hughes prevail in his § 1983 suit targeting Utah's parole procedures.[5] *Id.* at 1015.

---

[4]"The Board of Pardons and Parole shall determine within six months after the date of an offender's commitment to the custody of the Department of Corrections . . . a date upon which the offender shall be afforded a hearing to establish a date of release or a date for a rehearing, and shall promptly notify the offender of the date." Utah Code Ann. § 77-27-7(1) (2002).

[5]We note "[t]he Utah Constitution grants due process protection for the original parole grant hearing at which the board determines the predicted terms of incarceration." *Malek,* 26 F.3d at 1016 (citing to *Labrum v. Utah State Bd. of Pardons,* 870 P.2d 902, 911 (Utah 1993)). However, "a violation of state law

We also conclude Mr. Hughes' appeal is frivolous. We adopt the reasoning of the district court and DISMISS the appeal as frivolous.[6] With the dismissal of this appeal, combined with the district court's dismissal of his complaint with prejudice for failure to state a claim upon which relief may be granted, Mr. Hughes has accumulated two strikes under 28 U.S.C. § 1915(g).[7] Finally, we deny Mr. Hughes' motion to proceed with his appeal in forma pauperis (without prepayment of fees or security therefor) under 28 U.S.C. § 1915(a)(1). Mr. Hughes is reminded that he must pay the filing fee in full.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge

---

alone does not give rise to a federal cause of action under § 1983." *Id.*

[6]We agree with the district court that Mr. Hughes' Motion for Permissive Joinder of Plaintiff is now moot with the dismissal of his claims.

[7]"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g).