F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS J. MALEK,

      Plaintiff - Appellant,

v.

MARY BROCKBRADER; Utah State
Prison Records; JUNE HINCKLEY,
Utah State Prison Records; CRAIG
BALLS, Utah State Administration;
CHERYL HANSEN, DON
BLANCHARD, CURTIS GARNER,
KEITH HAMILTON, and MIKE
SIBBETT, Utah Board of Pardons;
JOHN GREEN, Administrator/Clerk
for the Utah Board of Pardons &
Parole,

      Defendants - Appellees.

No. 05-4118
(Utah)
(D.Ct. No. 2:03-CV-461-TC)

**ORDER DISMISSING FRIVOLOUS APPEAL**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Louis Joseph Malek, a state prisoner proceeding pro se,[1] filed a prisoner complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from the denial of parole and his continuing incarceration on the basis of inaccurate information contained in his record. The district court granted Malek leave to proceed *in forma pauperis* (*ifp*). The court dismissed the complaint on the basis of res judicata, and for failure to state a claim on which relief could be granted, under 28 U.S.C. § 1915(e)(2)(B). Malek appealed, and seeks leave to proceed on appeal *ifp*. *See* 28 U.S.C. § 1915(a)(1); FED. R. APP. P. 24(a)(5). Because Malek was granted permission to proceed *ifp* in the district court, and the district court did not alter that status, his request to proceed *ifp* on appeal is moot. His *ifp* status continues on appeal. *See* FED. R. APP. P. 24(a)(3). Exercising jurisdiction under 28 U.S.C. § 1291, we DISMISS this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).

### Background

"Malek was originally incarcerated in March, 1983 on two counts of aggravated robbery and attempted murder. For these crimes, he was sentenced to five years to life with additional time of two to six years, to be served consecutively, for firearm enhancements." *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994) (*Malek I)*. Malek appeared before the Utah Board of Pardons

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

three times, in 1984, 1988 and 1993, and was denied parole each time. *Id*. Malek then filed a § 1983 action against members and staff of the Utah Board of Pardons and Parole, alleging his constitutional rights under the Fifth, Eighth and Fourteenth Amendments were violated by various procedural deficiencies in the board's actions. Malek sought compensatory damages, declaratory and injunctive relief. *Id*. at 1014-15. The district court dismissed Malek's action as "frivolous" pursuant to 28 U.S.C. § 1915(d).[2] *Id*. at 1014. We affirmed the district court's dismissal. *Id*. at 1016.

In August 2000, Malek was paroled. Thirteen months later, he was arrested on a firearm possession charge, and indicted on one count of violating 28 U.S.C. § 922(g)(1). He was returned to the Utah State Prison pending disposition of his federal charge. Malek pled guilty and on August 15, 2002, he was sentenced to sixty-four months imprisonment, to be served concurrently with his state sentence.

On May 29, 2003, Malek filed the present action in district court. He again alleged violations of his constitutional rights under the Fifth, Eighth and Fourteenth Amendments, stemming from his continuing incarceration based on incorrect information in his prison file. He sought declaratory and injunctive relief, and both compensatory and punitive damages. The district court dismissed

---

[2] Now codified as 28 U.S.C. § 1915(e)(2)(B)(I).

the complaint, finding the allegations "to be little more than a rehash of [Malek's] earlier claims which were found to be frivolous." (R. Doc. 40 at 7.) The court held Malek's allegations both were barred under the doctrine of claim preclusion and failed to state a claim on which relief could be granted, under § 1915(e)(2)(B). Malek timely appealed.

## Discussion

We apply a de novo standard of review to questions of res judicata. *May v. Parker-Abbott Transfer & Storage Inc.*, 899 F.2d 1007, 1009 (10th Cir. 1990). Res judicata applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the same; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Malek's original complaint was dismissed as frivolous because the defendants were immune from suit. *Malek I*, 26 F.3d at 1015. We affirmed the district court and also held the claim frivolous because it was "based upon an infringement of a legal interest which clearly does not exist under the United States Constitution." *Id.* The first prong of res judicata is thus met: Malek received a judgment on the merits in his previous claim. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) (res judicata barred relitigation of previous claims dismissed as frivolous).

-4-

Next, the parties in this action are identical or in privity to the parties in the first action. Malek originally brought an action against the chairman, members and staff of the Utah Board of Pardons and Parole. *Malek I*, 26 F.3d at 1014. The complaint in this case names members of the board and prison staff. These defendants, as government employees, are clearly in privity with the defendants in the previous action. *United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.") (internal quotations and citation omitted).

The third *Nwosun* prong is also met. The cause of action in both suits is the same: alleged deprivation of rights under the Fifth, Eighth and Fourteenth Amendments. We use the "transactional approach" to define a cause of action. *Nwosun*, 124 F.3d at 1257. "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Id*. The claims Malek alleges in this action arise from the same occurrence (incorrect information in his prison record) as the claims he asserted previously.

Finally, the fourth prong of res judicata, requiring a full and fair opportunity to litigate, has been met. Malek's previous claims were properly considered by the district court, and the matter appealed to this Court for review.

*Malek I*, 26 F.3d at 1014.

We find the district court correctly held Malek's current claims barred by the doctrine of res judicata. We now review the court's further determination that the action was frivolous.

We review a district court's determination of frivolousness under § 1915 for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims include "claims of infringement of a legal interest which clearly does not exist." *Id*. at 327.

We held in *Malek I* that the Utah statute governing parole created neither a liberty interest entitling Malek to due process protection, nor a legitimate entitlement to parole prior to the completion of his sentence. 26 F.3d at 1016. Thus, Malek's claim had no basis under the Fifth, Eighth or Fourteenth Amendments. *Id.* The relevant statute has not changed since our decision in *Malek I* and the analysis and conclusion remain the same. Malek's complaint "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The district court correctly deemed Malek's complaint frivolous.

Finally, we review the district court's dismissal of Malek's complaint for failure to state a claim upon which relief can be granted. We apply a de novo standard in reviewing dismissals under § 1915(e)(2)(B)(ii). *Perkins v. Kansas*

-6-

*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). As noted above, Malek claims "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. The district court correctly dismissed Malek's complaint for failure to state a claim.

Malek's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We DENY Malek's motion to proceed *ifp* under § 1915(a)(1) and DISMISS this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Malek is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

The dismissal of Malek's complaint and the dismissal of this appeal each count as a strike pursuant to 28 U.S.C. § 1915(g). *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) (dismissal by district court as frivolous under § 1915(e)(2)(B) followed by appellate dismissal on the same basis counts as two strikes). Malek has one prior strike, arising from the dismissal of a civil action as frivolous. *See* D.C. 2:93-cv-00612-DB (Utah Dec. 22, 1993). Malek has accrued three strikes and is no longer permitted to proceed *ifp* in any civil action filed in a federal court unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge