**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 31, 2006**

**TENTH CIRCUIT**
_____

LOUIS JOSEPH MALEK,

     Plaintiff - Appellant,

v.

MARY ANN REDING; MARY
BROCKBRADER; JUNE HINKLEY;
JOHN GREEN; PAUL LARSEN;
DONALD E. BLANCHARD; CURTIS
GARNER,

     Defendants - Appellees.

No. 05-4134
(Utah)
(D.Ct. No. 2:05-CV-322-PGC)

_____

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Louis Joseph Malek, a state prisoner proceeding *pro se*,[1] filed a prisoner complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from his continuing incarceration due to procedural deficiencies in the determination of the proper length of his sentence. The district court dismissed the complaint under 28 U.S.C. § 1915(g), finding Malek had three prior strikes and thus could not proceed without paying the filing fee. Malek appealed, and seeks leave to proceed *in forma pauperis* (*ifp*). *See* 28 U.S.C. § 1915(a)(1); FED. R. APP. P. 24(a)(5). Exercising jurisdiction under 28 U.S.C. § 1291, we GRANT Malek's motion to proceed *ifp* and REVERSE the judgment of the district court.

## Background

In May 1977, Malek was sentenced in state court to one to fifteen years imprisonment for manslaughter. He was reincarcerated in March 1983 on two counts of aggravated robbery and attempted murder, for which offenses he was sentenced to five years to life with additional consecutive sentences of two to six years for firearm enhancements. *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994) (*Malek I*). Malek has filed a number of actions challenging his incarceration.[2] In the current case, Malek contends his constitutional rights under

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] *See* D.C. 2:93-cv-00612 (Utah) (42 U.S.C. § 1983 complaint dismissed as frivolous - see order of Dec. 22, 1993), *aff'd Malek I*; D.C. 2:94-cv-00800 (Utah)

the Eighth Amendment have been violated by his continued incarceration past the expiration of his original sentence for manslaughter, and his rights under the Fourteenth Amendment violated by inadequate parole board procedures. The district court found Malek had "filed several previous civil actions with the federal courts, some of which [had] been dismissed as frivolous or failing to state a claim." (R. Doc. 8 at 1.) The court listed *Malek v. Wheeler*, D.C. 2:03-cv-1055 (Utah May 11, 2004), *Malek v. Haun*, D.C. 2:93-cv-612 (Utah Dec. 22, 1993), and our affirmance in *Malek v. Haun*, 26 F.3d 1013 (10th Cir. 1994). The court then dismissed Malek's complaint under 28 U.S.C. § 1915(g), ruling he could not proceed without paying the filing fee. On appeal, Malek challenges, *inter alia*, the district court's determination that he has three prior strikes, requiring dismissal of his complaint. Our review of the cases upon which the district court relied demonstrates Malek had only one prior strike at the time he filed this complaint, and thus the dismissal must be reversed.[3]

## Discussion

(summary judgment granted for defendants in civil case - order of Oct. 21, 1997); D.C. 2:97-cv-00244 (Utah) (petition for writ of habeas corpus dismissed Nov. 9, 1998); D.C. 2:03-cv-00461 (Utah) (§ 1983 complaint dismissed on May 2, 2005); D.C. 2:03-cv-01055 (Utah) (§ 1983 complaint dismissed May 11, 2004); D.C. 2:04-cv-01062 (Utah) (petition for writ of habeas corpus).

[3] Contemporaneous with this opinion, we are issuing a decision in *Malek v. Brockbrader, et al.*, No. 05-4118, dismissing his appeal as frivolous. *See* D.C. 2:03-cv-00461 (Utah) (§ 1983 complaint dismissed on May 2, 2005). Malek incurred two strikes in that case, one for the district court dismissal and one for our dismissal.

Section 1915(g), the "three strikes" provision of the *ifp* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In *Jennings v. Natrona County Detention Center Medical Facility,* we reviewed the rules governing qualifying dismissals - strikes - under § 1915(g) as follows:

> (1) Habeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915. Hence, the dismissal of a habeas corpus or § 2255 petition does not count as a strike for purposes of limiting *in forma pauperis* status under § 1915(g).

> (2) A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.

> (3) If we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike. (Under the plain language of the statute, only a dismissal may count as [a] strike, not the affirmance of an earlier decision to dismiss.)

> (4) If we reverse a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal does not count as a strike.

> (5) If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.

> (6) If we dismiss as frivolous a prisoner's appeal of an action for which the district court entered judgment for defendant, the dismissal of the appeal counts as one strike.

175 F.3d 775, 780-81 (10th Cir. 1999).

Here, the district court counted three cases as strikes:

(1) *Malek v. Haun*, D.C. 2:93-cv-612, a § 1983 complaint which was dismissed as frivolous;

(2) Our affirmance of that dismissal in *Malek v. Haun*, 26 F.3d 1013 (10th Cir. 1994);

(3) *Malek v. Wheeler*, D.C. 2:03-cv-1055, a § 1983 complaint dismissed for failure to exhaust his administrative remedies.

Under *Jennings*, the district court's dismissal in *Malek v. Haun* counts as a strike. 175 F.3d at 780. However, our affirmance of that dismissal does not count as an additional strike. *Id.* Only "[i]f we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), [do] both dismissals count as strikes." *Id.* In *Malek v. Haun* we affirmed the district court's dismissal, but we did not dismiss the appeal itself as frivolous. 26 F.3d at 1016.

Finally, the dismissal of a § 1983 complaint for failure to exhaust is not considered a strike, since it is not a dismissal pursuant to § 1915(e)(2)(B). *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) ("[A] dismissal without prejudice counts as a strike [only if] the dismissal is made because the action is frivolous, malicious, or fails to state a claim."). Therefore, the district court erred in counting the dismissal in *Malek v. Wheeler* as a strike.

Because Malek had but one strike at the time the district court dismissed this case, he may proceed *ifp*, if his petition is not frivolous. Upon remand, the district court may consider that Malek now has three strikes, the previous one as

noted in this case, and the two imposed in *Malek v. Brockbrader.  See* n.3, *supra*. We remind Malek of his obligation to continue making partial payments until the balance of the appellate filing fee is paid in full.

REVERSED.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge