**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD MORELLO,

      Petitioner - Appellant,

v.

UTAH BOARD OF PARDONS,

      Respondent - Appellee.

No. 06-4044
(D.C. No. 2:03-CV-681-DAK)
(D. Utah)

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Ronald Morello, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2241 habeas petition. For substantially the same reasons set forth by the district court we **DENY** a COA and **DISMISS**.

This is Morello's fourth habeas petition. His first two were dismissed without prejudice for failing to exhaust state remedies. The district court denied his third petition as time-barred and we affirmed. Morello v. Utah, 10 F. App'x 788 (10th Cir. 2001) (unpublished opinion). Morello presented two arguments to the district court in his latest petition: (1) that his due process rights were violated by a 1995 parole decision of the Utah Board of Pardons; and (2) that his

1983 guilty plea was involuntary because it was based on the false assurances of his attorney. The district court dismissed the parole issue because it did not implicate a federal right, and transferred the plea issue to this court as successive. We denied authorization to file a successive petition regarding Morello's guilty plea and dismissed. Morello now seeks a COA to appeal the district court's dismissal of the parole claim.[1]

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Morello to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

To present a cognizable due process claim, Morello must show that he possessed a liberty interest in parole. See Malek v. Haun, 26 F.3d 1013, 1015

---

[1] Morello's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). Morello may not appeal the district court's decision absent a grant of a COA by this court.

(10th Cir. 1994). A liberty interest in parole arises only when a person has "a legitimate claim of entitlement to it." Id. We held in <u>Malek</u> that the Utah parole statute does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Id. at 1015-16. Accordingly, Morello has not presented a ground for habeas corpus relief.

Morello seeks leave to proceed in forma pauperis on this appeal. Because he was granted permission to proceed in forma pauperis by the district court, his status continues on appeal and his request is moot.

For the reasons stated above, Morello's request for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge