**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS JOSEPH MALEK,

        Petitioner - Appellant,

    v.

CLINT FRIEL, Warden; CHERYL
HANSEN, Parole Board Member; KEITH
HAMILTON, Board Member; CURTIS
GARNER, Board Member; DONALD E.
BLANCHARD, Board Member; MIKE
SIBBETT, Board Member; UTAH
ATTORNEY GENERAL,

        Respondents - Appellees.

No. 07-4220

(D. Utah)

(D.C. No. 2:04-CV-01062-TS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Petitioner, Louis J. Malek, seeks a certificate of appealability ("COA")

from this court so he can appeal the district court's denial of the habeas petition

he filed pursuant to 28 U.S.C. §§ 2254 and 2241. *See* 28 U.S.C. § 2253(c)(1)(A)

(providing a state prisoner must obtain a COA to appeal the denial of habeas

relief); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). In 1977, Malek

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

was convicted of manslaughter and sentenced to one to fifteen years' imprisonment. *Malek v. Reding*, 195 F. App'x 714, 715 (10th Cir. 2006). He was paroled in 1982. In 1983, while on parole, Malek was convicted of aggravated robbery and attempted murder. *Malek v. Friel*, No. 20031017, 2004 WL 1534690, at *1 (Utah Ct. App. July 9, 2004) (unpublished disposition). He was sentenced to two concurrent terms of five years to life to run consecutive to his 1977 manslaughter sentence.[1] *Id*. He was also ordered to serve two, one-year gun enhancement sentences. Malek's sentence was amended in 1992 when the state court signed a corrected sentence eliminating the multiple firearms enhancements. *Id*. The remainder of his sentence was not affected. Malek was paroled in 2000 but arrested less than two years later and convicted of state misdemeanor charges. *Id*. His parole was revoked. *Id*.

Malek filed a petition pursuant to Rule 65B of the Utah Rules of Civil Procedure, seeking state post-conviction relief. The motion was denied by the state trial court in a comprehensive written order and the Utah Court of Appeals affirmed the denial. *Id*. at *4. The Utah Supreme Court denied Malek's petition for writ of certiorari on November 5, 2004.

Malek filed the instant federal habeas petition on December 2, 2004, raising claims under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. He alleged he was denied: (1) his right to due process because the 1983 judgment of commitment

---

[1]His parole was revoked in 1985 based on the 1983 convictions.

was never signed by the state court and the amended sentence was signed by the wrong state court, and (2) his right to appeal and his right to effective assistance of counsel because he was not informed of his right to appeal from his original sentencing in 1983 or his resentencing in 1992. He also asserted: (1) contrary to a state court order, incorrect information in his parole file has not been deleted and is still being used by the parole board; (2) a later version of a state statute is being used to extend his term of incarceration beyond thirty years, in violation of the Ex Post Facto Clause; and (3) he did not consent to serve the sentence for his misdemeanor convictions at the state prison as opposed to the county jail, in violation of his due process rights. Respondent sought to have Malek's petition dismissed, arguing his claims were either unexhausted or involved only questions of state law and, thus, cannot be brought in a federal habeas proceeding.

The district court dismissed Malek's § 2254 claims and his § 2241 claim relating to serving his misdemeanor sentences in state prison as untimely. 28 U.S.C. § 2244(d). The court also dismissed Malek's remaining claims, concluding they involved only matters of state law not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Malek then filed an application for COA, challenging the dismissal of three of his claims: (1) that his original judgment of conviction in 1983 was not signed by the state court judge, (2) that under a prior state statute, his consecutive sentences cannot exceed thirty years, and (3) that Respondent has failed to

comply with a prior state court order to remove incorrect information from his parole file. To be entitled to a COA, Malek must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Malek has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although Malek need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed the appellate briefs, the magistrate judge's order to show cause, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that

-4-

Malek is not entitled to a COA. Our review confirms the correctness of the district court's conclusion that Malek's claim relating to the state court's alleged failure to sign his 1983 sentencing and commitment order was filed well outside the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996.[2] *See* 28 U.S.C. § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir 2000) (holding the one-year limitations period began to run on April 24, 1996, for those prisoners whose convictions became final before the effective date of the AEDPA). The district court also correctly concluded that Malek's remaining claims present only issues of state law. Both claims were addressed in his state post-conviction proceeding and decided on state law grounds. Specifically, the state trial court concluded the Board of Pardons "complied with the previous court order to remove inaccurate information from [Malek's] file" by making "the necessary changes to ensure [Malek's] sentences are accurately reflected on the systems." The court also concluded that Malek's consecutive sentences subjected him to a sentence in excess of thirty years under both the version of Utah Code Ann. § 76-3-401(6) in effect in 1983 and the amended version in effect since 1990.

---

[2]Despite Malek's argument that there is no final judgment from which the one-year limitations period can run because of the failure to sign the 1983 sentencing and commitment order, the state court has resolved that state-law issue by ruling "even if the initial sentence was unsigned, the sentence was corrected with the entry of the 1992 order correcting Malek's sentence, therefore mooting any initial error." *Malek v. Friel*, No. 20031017, 2004 WL 1534690, at *2 (Utah Ct. App. July 9, 2004) (unpublished disposition).

The district court's resolution of Malek's habeas petition is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Malek has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Malek's request for a COA, **grants** the motion to proceed *in forma pauperis*, and **dismisses** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk