**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD GILLISON,

        Petitioner - Appellant,

    v.

TIM HAND, Colorado Board of
Parole,

        Respondent - Appellee.

No. 08-1453

(D. Colorado)

(D.C. No. 1:07-CV-00468-REB-MEH)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Donald Gillison, a state prisoner appearing *pro se*, seeks to appeal the

district court's denial of his 28 U.S.C. § 2241 petition. The matter is before this

court on Gillison's request for a certificate of appealability ("COA").[1] *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order

---

[1] On December 16, 2008, Gillison filed a document titled "Petition for Writ of Certiorari." Three days later, Gillison filed a document requesting his appeal be "stayed" until he could find someone to help him with his opening brief. On December 22, 2008, this court entered an order provisionally granting Gillison additional time to file an opening brief should he so desire. That order informed Gillison, however, that this court had construed his "Petition for Writ of Certiorari" as an opening brief. Because Gillison did not file any additional documents with this court, we hereby construe his "Petition for Writ of Certiorari" as both a request for a COA and an opening brief.

in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the requirements of § 2253(c)(1)(A) apply when the state habeas petitioner is proceeding under § 2241). Because Gillison has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2) (providing that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").[2]

In his § 2241 petition, Gillison asserts the Colorado State Board of Parole failed to follow appropriate procedures during its parole determination proceeding in February 2007, erred in denying him parole, and denied him equal protection of the laws when it treated him differently during parole proceedings because of his "mental disabilities." The matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge issued a thorough and well-stated report and recommendation, recommending that the district court deny Gillison's § 2241 habeas petition. In particular, the magistrate judge concluded that because the granting of parole is entirely discretionary under the relevant Colorado statutory scheme, Gillison could not make out either a procedural or substantive due process claim. *Greenholtz v. Inmates of Neb. Penal*

---

[2]This court **grants** Gillison's request to proceed on appeal in forma pauperis.

*& Corr. Complex*, 442 U.S. 1, 11-12 (1979); *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994); Colo. Rev. Stat. § 17-2-201(4)(a), (9)(a). The magistrate judge concluded Gillison's equal protection claim failed because it contained nothing more than vague and conclusory allegations. In particular, Gillison's petition did not describe, *inter alia*, his alleged disabilities or identify inmates who had been treated differently. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (holding that even pro se litigants must do more than advance conclusory allegations regarding constitutional claims). Upon de novo review, the district judge adopted the report and recommendation and denied Gillison's petition.

A COA may issue if Gillison "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Gillison must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In evaluating a request for a COA, it is not the role of this court to engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* Instead, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Gillison is not required to demonstrate that his appeal will succeed to be

entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Gillison's appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Gillison is not entitled to a COA. The district court's resolution of Gillison's petition is not reasonably subject to debate and the claims he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, Gillison has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** Gillison's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-